**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL NGUYEN and KELLY NGUYEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>       vs.<br><br>NEWLINK GENETICS CORPORATION, CHARLES J. LINK, JR., and NICHOLAS N. VAHANIAN,<br>Defendants. | Case No. 1:16-CV-3545<br><br>HON. WILLIAM H. PAULEY, III<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement (including the Exhibits) (collectively, the "Stipulation") is entered into this 1st day of February, 2021 between (a) Lead Plaintiffs Michael Nguyen and Kelly Nguyen ("Lead Plaintiffs" or "Plaintiffs") (on behalf of themselves and each of the putative Class Members), by and through their counsel of record in the Action (as defined herein) and (b) defendant NewLink Genetics Corporation[1] ("NewLink" or the "Company") and defendants Charles J. Link, Jr. and Nicholas N. Vahanian (collectively the "Individual Defendants," and together with NewLink, "Defendants") (Plaintiffs and Defendants, together, the "Parties"), by and through their counsel of record in the Action. This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims (as defined below) upon and subject to the terms and conditions herein and the approval of the Court.[2]

## I.    LITIGATION

This putative securities class action was filed on May 12, 2016 in the Southern District of New York, and assigned to the Honorable William H. Pauley, III. Dkt. No. 1. Competing lead plaintiff motions were filed on July 11, 2016, and on August 16, 2016, the Court appointed Michael and Kelly Nguyen Lead Plaintiffs, and approved their selection of Kahn Swick & Foti, LLC as Lead Counsel. Dkt. No. 31.

On August 26, 2016, the Court signed and entered a stipulation and scheduling order setting forth a briefing schedule for amending the complaint. Dkt. No. 33. Plaintiffs filed the First Amended Class Action Complaint ("FAC") on November 10, 2016 and asserted claims on behalf of the putative Class under sections 10(b), 20(a), and 20A of the Securities Exchange Act

---

[1] On March 18, 2020, NewLink Genetics Corporation completed a merger with Lumos Pharma, Inc. The combined company assumed the name Lumos Pharma, Inc.

[2] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. Dkt. No. 38. Plaintiffs alleged that Defendants made materially false and misleading statements and omissions during the Class Period with respect to the Company's lead product candidate algenpantucel-L (or HyperAcute Pancreas), a developmental therapeutic vaccine for the treatment of pancreatic cancer. Plaintiffs alleged that Defendants' false and misleading statements and omissions caused the price of NewLink's common stock price to rise, and that a series of disclosures (including a final corrective disclosure announcing that algenpantucel-L had failed to meet its endpoints in its Phase III clinical trial) removed the artificial inflation from NewLink's stock price resulting in harm to Plaintiffs and the putative Class.

On July 14, 2017, Defendants moved to dismiss the FAC. Dkt No. 51. After briefing and oral argument, the Court entered an Order dismissing the FAC without prejudice on March 29, 2018 ("First Dismissal Order"). *Nguyen v. NewLink Genetics Corp.*, 297 F. Supp. 3d 472 (S.D.N.Y. 2018). While the Court held that the FAC adequately pled a strong inference of scienter and falsity with respect to statements regarding the completion of patient enrollment in the algenpantucel-L Phase III trial, it held that Plaintiffs did not adequately plead loss causation for those misrepresentations. *Id.* at 483-85, 492-501. It also held that Plaintiffs did not adequately plead falsity for alleged misstatements regarding historical pancreatic cancer survival rates, the Phase II trial results, and NewLink's intentions to commercialize algenpantucel-L. *Id.* at 485-92.

After the First Dismissal Order, Plaintiffs filed the operative Second Amended Class Action Complaint ("SAC") on May 4, 2018. Defendants filed a motion to dismiss the SAC on July 31, 2018 (Dkt. No. 73). After briefing and oral argument, the Court issued an Opinion and Order on February 13, 2019, granting Defendants' motion and dismissing the case with

prejudice. *Nguyen v. NewLink Genetics, Corp.*, No. 16-cv-3545, 2019 WL 591556, 2019 U.S. Dist. LEXIS 23608 (S.D.N.Y. Feb. 13, 2019). The Court held that the SAC's additional allegations failed to adequately plead falsity for statements regarding historical survival rates and the Phase II trial results and did not sufficiently plead facts to support a finding of loss causation for statements related to enrollment violations. 2019 WL 591556 at *3-8. The Clerk entered final judgment on February 13, 2019. Dkt. No. 84. Plaintiffs timely filed a notice of appeal on March 14, 2019. Dkt. No. 85.

On appeal, Plaintiffs argued that the district court erred in dismissing the historical survival rates and Phase II trial misstatements as inactionable statements of opinion and/or corporate optimism and erred in dismissing the SAC for failing to adequately allege loss causation. App. Dkt. No. 28. After full briefing and oral argument, on July 13, 2020, the Second Circuit issued an opinion that affirmed in part and vacated in part the district court's opinion and remanded for further proceedings. *Abramson v. NewLink Genetics Corp.*, 965 F.3d 165 (2d Cir. 2020). On August 6, 2020, Defendants filed a petition for rehearing *en banc*, which was denied on September 8, 2020. App. Dkt. No. 88. A week later, on September 15, 2020, the Second Circuit issued a mandate to the district court. App. Dkt. No. 91.

The Parties agreed to engage in private mediation with Jed Melnick of JAMS and scheduled such mediation for November 17, 2020. On September 23, 2020, the Court issued an Order directing the Parties to file a joint letter by October 7, 2020, explaining the Parties' respective positions on how the action should proceed, and scheduling a telephonic conference for October 14, 2020. Dkt. No. 89. Counsel for Plaintiffs and Defendants then discussed their respective positions and agreed to submit a joint letter informing the Court of the upcoming mediation and proposing that, in an effort to promote judicial economy, the conferenced

scheduled for October 14 be adjourned and the Parties submit another letter after the mediation. Dkt. No. 90. The Court endorsed the letter the next day, directing the Parties to submit a joint status letter by November 24, 2020 and scheduling a telephonic conference for December 7, 2020. Dkt. No. 91.

On November 17, 2020 the Parties took part in a full-day mediation. The Parties did not reach an agreement at the mediation. However, the Parties worked continuously towards a resolution of the Action thereafter. On November 24, 2020, the Court's deadline for the joint status letter, the Parties still had not reached an agreement in principle but were making progress and remained optimistic that they would reach a deal shortly. The Parties submitted a joint letter informing the Court they had been working continuously towards resolution and hoped to execute a term sheet on an agreement in principle shortly, and requesting the telephonic conference scheduled for December 7, 2020 be adjourned. Dkt. No. 92. The Court endorsed the letter on November 30, 2020 and directed the Parties to submit a joint status report on December 16, 2020. Dkt. No. 93. The Parties continued to vigorously negotiate in an effort to reach an agreement before the joint status report deadline. The Parties finally reached an agreement in principle to settle the Action for $13.5 million in cash on December 16, 2020 and informed the Court of the same that day, requesting a stay of all further proceedings in the Action. Dkt. No. 94. The Court granted the Parties' request the following day. Dkt. No. 95.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny all claims and contentions alleged by Plaintiffs in the Action and maintain that they have meritorious defenses. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, that they

engaged in any conduct that was subject to or violated the federal securities laws, that Plaintiffs or Class Members have suffered damages, that the price of NewLink common stock or any other NewLink securities were artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise, or that Plaintiffs or Class Members were harmed by the conduct alleged in the SAC.

Nonetheless, Defendants have concluded that further litigation of the Action would be protracted and expensive and have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Based on these considerations, Defendants determined that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation. As set forth below in ¶ 8.3 of this Stipulation, neither this Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall constitute an admission or finding of wrongful conduct, acts, or omissions or any infirmity in the defenses that Defendants have, or could have, asserted.

## III.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe the claims asserted in this Action have merit. Plaintiffs recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and possible appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as this Action.

Further, Plaintiffs have considered the Action's inherent difficulties and potential delays. Plaintiffs also are mindful of the amount of available insurance coverage and the problems of proof and the possible defenses to the securities law violations asserted in the Action. Based on

their evaluation, Plaintiffs and Plaintiffs' Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon and is in the best interests of the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective undersigned attorneys, that, subject to Court approval, the Action, the Released Plaintiffs' Claims, and the Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   DEFINITIONS

As used in the Stipulation, the following terms have the meanings specified below:

### *The Parties*

1.1    "Company" or "NewLink" means NewLink Genetics Corporation and its predecessors and successors;

1.2    "Defendants" means NewLink, Charles J. Link, Jr. and Nicholas N. Vahanian;

1.3    "Individual Defendants" means Charles J. Link, Jr. and Nicholas N. Vahanian;

1.4    "KSF" means Kahn Swick & Foti, LLC and its predecessors and successors;

1.5    "Lead Counsel" means KSF;

1.6    "Lead Plaintiffs" means Michael Nguyen and Kelly Nguyen, who were appointed as Lead Plaintiffs by order of the Court dated August 16, 2016;

1.7    "Parties" means Lead Plaintiffs (on behalf of themselves and the Class Members), NewLink, and the Individual Defendants;

1.8    "Plaintiffs" means Lead Plaintiffs;

1.9    "Plaintiffs' Counsel" means KSF;

*Additional Defined Terms*

1.10    "Action" means the case captioned *Nguyen v. NewLink Genetics Corp., et al.*, No. 16-cv-3545-WHP (S.D.N.Y);

1.11    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation;

1.12    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe;

1.13    "Claims Administrator" means Rust Consulting, Inc.;

1.14    "Claim Form" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.15    "Class" means, for the purposes of settlement only: all Persons that purchased or otherwise acquired shares of NewLink common stock during the Class Period in the United States or on a United States-based stock exchange and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

1.16    "Class Member" means a Person who falls within the definition of the Class;

1.17    "Class Notice and Administration Fund" shall have the meaning set forth in ¶ 2.10 of this Stipulation;

1.18    "Class Period" means the period of time between September 17, 2013 and May 9, 2016, inclusive;

1.19    "Contribution Claims" means all statutory or common law claims, rights, demands, suits, matters, issues, or causes of action by any Person against any Defendant, or by any Defendant against any Person other than any Defendant or other Person whose liability will

be extinguished by this Settlement, arising under federal, state, local, foreign, or any other law, rule, or regulation, however styled, whether for indemnification, contribution, claims over, or otherwise, that are based upon, arise out of, or are related to Released Plaintiffs' Claims;

1.20    "Court" means the Judge William H. Pauley, III, United States District Court Judge for the Southern District of New York;

1.21    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of this Stipulation have been met and have occurred or have been expressly waived in writing by each of the Parties;

1.22    "Escrow Account" means an interest-bearing account maintained by the Escrow Agent;

1.23    "Escrow Agent" means KSF;

1.24    "Exhibits" means all of the exhibits to this Stipulation, including Exhibit A, Exhibit A-1, Exhibit A-2, Exhibit A-3, and Exhibit B;

1.25    "Excluded Defendants' Claims" means (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any Person who submits a request for exclusion that is accepted by the Court.

1.26    "Excluded Plaintiffs' Claims" means (i) claims asserted on behalf of NewLink's shareholders derivatively on behalf of NewLink, including without limitation the claims asserted in *Ely v. Link, et al.*, Case No. 17-cv-3799-WHP (S.D.N.Y); (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims of any Person who submits a request for exclusion that is accepted by the Court.

1.27    "Fee and Expense Application" shall have the meaning set forth in ¶ 6.1 of this Stipulation;

1.28     "Fee and Expense Award" shall have the meaning set forth in ¶ 5.2 of this Stipulation;

1.29     "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed (including to the extent that the time to appeal has been extended in a manner provided for in the Federal Rules of Civil Procedure) without any appeal having been taken, unless the date to take such an appeal shall have been extended by Court order; (iii) if a motion to alter or amend the Judgment is timely filed, the motion is denied; and (iv) if an appeal is taken, either (a) the appeal has been dismissed and the time, if any, for commencing any further appeal has expired, or (b) the Judgment has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or payments to Lead Plaintiffs or the Plan of Allocation;

1.30     "Final Approval Hearing" shall have the meaning set forth in ¶ 3.2 of this Stipulation;

1.31     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.32    "Judgment" means the final order and judgment approving the Settlement and dismissing the Action with prejudice, to be entered by the Court substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation;

1.33    "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (d) of ¶ 5.2 of this Stipulation;

1.34    "Notice" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.35    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any entity, including any business or legal entity, and, as to each of the foregoing, their spouses, heirs, predecessors, successors, representatives, or assignees;

1.36    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be proposed by Lead Counsel and approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of the items set forth in ¶ 5.2(a)-(d) herein. Any Plan of Allocation is not part of the Stipulation and Defendants shall have no responsibility or liability with respect thereto;

1.37    "Preliminary Approval Order" means the preliminary order issued by the Court for mailing and publication as defined in ¶ 3.1 herein and substantially in the form of Exhibit A hereto;

1.38    "Released Plaintiffs' Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any member of the Class, or any of the Released Plaintiffs' Parties, whether brought directly, indirectly, or derivatively against any of the Released Defendants' Parties, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of NewLink common stock, by any members of the Class during the Class Period, and/or any disclosures, public filings, registration statements, or other statements by NewLink or any Defendant based upon or arising out of any facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were asserted or could have been asserted in this Action or in any other action or forum, whether arising under federal, state, common or foreign law. For the avoidance of doubt, Released Plaintiffs' Claims do not release or impair any of the Excluded Plaintiffs' Claims.

1.39    "Released Defendants' Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendants' Parties or any of them against any of the Released Plaintiffs' Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement or resolution of the Action. For the avoidance

of doubt, Released Defendants' Claims do not release or impair any of the Excluded Defendants' Claims.

1.40 "Released Defendants' Parties" means each and all of the Defendants, each of their respective Immediate Family members (for individuals) and past, present and future direct and indirect parent entities, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

1.41 "Released Plaintiffs' Parties" means each and all of the plaintiffs, consisting of Plaintiffs and members of the Class, and, as applicable, their respective Immediate Family members, and their respective past, present and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof.

1.42 "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation;

1.43 "Settlement Amount" means the sum of Thirteen Million Five Hundred Thousand Dollars ($13,500,000) in cash;

1.44   "Settlement Fund" means the Settlement Amount, deposited, or to be deposited into the Escrow Account, pursuant to ¶ 2.2 of this Stipulation, plus all interest earned thereon pursuant to ¶¶ 2.2, 2.3, and 2.6 of this Stipulation;

1.45   "Stipulation" shall have the meaning set forth in the introductory paragraph of this document;

1.46   "Summary Notice" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.47   "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs, members of the Class, or any Defendant does not know or suspect to exist in his, her or its favor at the time of their release of the Released Plaintiffs' Claims or the Released Defendants' Claims, and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the settlement or the releases.

## 2.    The Settlement

### a.    The Settlement Class

2.1   The Parties stipulate, for purposes of this Stipulation and the Settlement only, to the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and to the appointment of Plaintiffs as the Class Representatives and KSF as Class Counsel. If for any reason (including the exercise of a right to terminate under the Stipulation) final approval of the Settlement is not granted, then the certification of the Class and appointments of the Class Representatives and Class Counsel shall become null and void without further order of the Court or any other court.

### b.    The Settlement Fund

2.2   NewLink shall cause its insurers, on behalf of all Defendants, to pay the Settlement Amount within the time set forth in ¶ 2.3 of this Stipulation, below, into the Escrow

Account in settlement of the Action and the Released Plaintiffs' Claims which, with any accrued interest, shall constitute the Settlement Fund. Other than the obligation of NewLink to cause to be paid the Settlement Amount to the Escrow Agent, under no circumstances will the Released Defendants' Parties have any obligation to make any payment pursuant to this Settlement set forth herein, and no responsibility, or liability or obligation whatsoever to anyone, with respect to the Settlement Fund, the Net Settlement Fund, the Escrow Account, the Claims Administrator, the Claims Administrator's actions, any transaction executed or approved by the Escrow Agent, the maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters. The Released Defendants' Parties shall have no further or other liability or obligations to Plaintiffs, Lead Counsel, or any Class Member with respect to the Released Plaintiffs' Claims, except as expressly stated herein.

2.3    Subject to the terms of this Stipulation, NewLink shall cause to be paid the Settlement Amount into the Escrow Account within twenty-five (25) business days after the occurrence of the later of: (i) entry of the Preliminary Approval Order, and (ii) the provision by Lead Counsel to counsel for the Defendants of written wire transfer instructions, verbal confirmation of such instructions, and a completed Form W-9 for the Escrow Account. If the Settlement Amount is not paid within twenty-five (25) business days after the occurrence of the later of such conditions, Plaintiffs may require interest to be paid by NewLink or on behalf of NewLink at the published three-month LIBOR rate per annum on such dates, from twenty-five

(25) business days after the occurrence of the later of entry of the Preliminary Approval Order and provision of the above-mentioned funding information until the Settlement Amount is paid.

2.4     This is not a claims-made settlement. Defendants will have no ability to recapture any of the Settlement Amount unless the Settlement is terminated or does not become effective as set forth in Section 7 of this Stipulation.

2.5     The Released Defendants' Parties shall have no responsibility for or incur any liability with respect to the management, investment, or distribution of the Settlement Fund or Net Settlement Fund or for any losses suffered by, or fluctuations in the value of, the Settlement Fund or Net Settlement Fund.

### c.     The Escrow Agent

2.6     The Escrow Agent shall invest the Settlement Fund, or any portion thereof, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or its agencies and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

2.7     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by Court order. Upon final approval of the Settlement and completion of the claims processing, the Escrow Agent shall distribute the Net Settlement Fund (as defined below) in accordance with the Court-approved Plan of Allocation without further order of the Court.

2.8     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute transactions on behalf of the Class Members that are consistent with the terms of the Stipulation.

2.9     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such

time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.10    After payment of the Settlement Fund to the Escrow Agent, Lead Counsel may establish a "Class Notice and Administration Fund" of up to $250,000 from the Settlement Fund. The Class Notice and Administration Fund may be used by Lead Counsel, without prior approval of the Court, only to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class (including any reimbursement of banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation), locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. Any costs or expenses for notice or claims administration in excess of $250,000 shall be paid from the Settlement Fund, subject to the approval of Lead Counsel and further approval of the Court. The Class Notice and Administration Fund also may be invested and earn interest as provided for in ¶ 2.6 of this Stipulation.

2.11    The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Escrow Agent, or any designees or agents thereof; the Class Notice and Administration Fund; the administration of, distribution of, or disbursement from the Class Notice and Administration Fund; the Settlement Fund; the administration of, distribution of, or disbursement from the Settlement

Fund; the Net Settlement Fund; or the administration of, distribution of, or disbursement from the Net Settlement Fund.

### d.  Taxes

2.12  The Parties and the Escrow Agent agree to treat the Settlement Fund at all times as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.13  For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.14 of this Stipulation.

2.14  All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including: (i) any Taxes or tax detriments that may be imposed upon the Released Defendants' Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses

and costs incurred (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Released Defendants' Parties or their counsel have any responsibility for or liability with respect to the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). The Parties hereto agree to cooperate with the Claims Administrator, the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 2.12 to 2.14 of this Stipulation.

2.15   For the purpose of ¶¶ 2.12 to 2.14 of this Stipulation, references to the Settlement Fund shall include the Settlement Fund, the Class Notice and Administration Fund and the Net Settlement Fund and shall also include any earnings on each of the foregoing.

### e.   Effect of Termination or Lack of Effectiveness of Settlement

2.16   In the event that the Effective Date does not occur or the Settlement is terminated or does not become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following appeal, the Settlement Fund and the Class Notice and Administration Fund and the Net Settlement Fund (in each case, including accrued interest), less certain expenses actually incurred and properly due and owing in connection with the Settlement provided for herein,

shall be refunded to NewLink's insurers as provided in ¶ 7.3 of this Stipulation, below, within ten (10) business days of termination of the Settlement.

### 3. Preliminary Approval Order and Final Approval Hearing

3.1     Promptly after execution of the Stipulation, and no later than February 1, 2021, Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto, mailing the Proof of Claim and Release (the "Claim Form") substantially in the form of Exhibit A-2 hereto, and publication of a Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined below), and the date of the Final Approval Hearing (as defined below). Plaintiffs shall consult in good faith with Defendants as to the language of the motion and related pleadings seeking such Preliminary Approval Order. It shall be Lead Counsel's responsibility to disseminate the Notice, Claim Form, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. The Released Defendants' Parties shall not bear any cost or have any responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants. Class Members shall have no recourse as to the Released Defendants' Parties with respect to any claims they may have that arise from any failure of the notice process.

3.2     Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Final Approval Hearing") at which Plaintiffs will seek final Court approval of the

Settlement and entry of the Judgment. Due to the coronavirus pandemic, the Parties agree to request that the Final Approval Hearing be held remotely subject to the Court's approval. At the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, as provided for in ¶¶ 3.1 and 6.1 to 6.4 of this Stipulation. The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

      (a)    Preliminarily approve this Stipulation and the Settlement as fair, just, reasonable and adequate;

      (b)    Preliminarily certify the Class, solely for purposes of the Settlement, and preliminarily find, solely for purposes of the Settlement, that each element for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met;

      (c)    Approve the form of the Notice for mailing to Members of the Class;

      (d)    Approve the form of the Claim Form for mailing to Members of the Class;

      (e)    Approve the form of Summary Notice for publication;

      (f)    Direct Lead Counsel to mail or cause to be mailed by first class mail the Notice and the Claim Form to those Persons in the Class who can be identified through reasonable effort, on or before the date specified in the Preliminary Approval Order;

      (g)    Direct nominees who purchased or otherwise acquired common stock of NewLink for the benefit of Class Members between September 17, 2013 and May 9, 2016, inclusive, to send the Notice and Claim Form to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice;

(h)     Direct Lead Counsel to cause the Summary Notice to be published once in the *Investor's Business Daily*, on or before the date specified in the Preliminary Approval Order, and once online over the *PR Newswire*, on or before the date specified in the Preliminary Approval Order, and to place a copy of the Complaint and the Stipulation (including Exhibits) on the website of Lead Counsel or a website maintained by Lead Counsel, on or before the date specified in the Preliminary Approval Order;

(i)     Provide that Class Members who wish to participate in the Settlement shall complete and file Claim Forms pursuant to the instructions contained therein;

(j)     Find that the notice given pursuant to subparagraphs (c)-(i) above constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

(k)     Schedule the Final Approval Hearing to be held by the Court to consider and determined whether the Settlement should be approved as fair, reasonable and adequate, and whether the Judgment approving the Settlement should be entered;

(l)     Provide that any Class Member who so desires may exercise the right to exclude themselves from the Class but only if they comply with the requirements for so doing as set forth in the Notice;

(m)     Provide that at or after the Final Approval Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

(n)     Provide that at or after the Final Approval Hearing, the Court shall determine and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Lead Counsel out of the Settlement Fund;

(o)     Provide that pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, whether directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties;

(p)     Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Lead Counsel's fee and expense application(s), and any papers submitted in support of said objections, shall be considered by the Court at the Final Approval Hearing only if, on or before the date specified in the Preliminary Approval Order, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and copies of any papers in support of their position as set forth in the Preliminary Approval Order; and

(q)     Provide that the Final Approval Hearing may be continued or adjourned by Order of the Court without further notice to the Class.

### 4.     Releases

4.1     Upon the Effective Date, as defined in ¶ 7.1 of this Stipulation, Plaintiffs and each of the Class Members, on behalf of themselves and the Released Plaintiffs' Parties, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims as against the Released Defendants' Parties, or any of them, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

4.2     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), asserting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

4.3     Upon the Effective Date, with respect to any and all Released Plaintiffs' Claims, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, for themselves and on behalf of all Class Members, expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or otherwise, but upon the Effective Date, Plaintiffs expressly shall have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.4    Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Parties from the Released Defendants' Claims.

4.5    Upon the Effective Date, with respect to any and all Released Defendants' Claims, Defendants shall expressly waive any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent it applies) or any other law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Defendants expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims or otherwise, but upon the Effective Date, Defendants expressly shall have fully, finally, and forever settled and released

any and all Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Defendants acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.6     Upon the Effective Date, the terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that the Judgment shall contain an appropriate bar order, consistent with 15 U.S.C. § 78u-4(f)(7)(A), that shall, upon the Effective Date, permanently bar any and all Contribution Claims against Defendants arising out of a Released Plaintiffs' Claim where the alleged injury to the claiming person or entity arises from that person's or entity's liability to the Class or any Class Member (a) by any person or entity against any of the Released Defendants' Parties or (b) by any of the Released Defendants' Parties against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement ("Bar Order"), *provided, however*, that the Bar Order shall not bar or release any of the Excluded Plaintiffs' Claims.  Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), the Bar Order shall also provide that any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

5.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator shall administer and calculate the claims submitted by Class Members under the supervision of Lead Counsel and pursuant to the Preliminary Approval Order entered by the Court.

5.2    Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claim Forms, and pay escrow fees and costs, if any;

(b)    to pay Taxes and Tax Expenses;

(c)    after the Effective Date, to pay Lead Counsel's attorneys' fees and expenses, and to pay Lead Plaintiffs for their time and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award");

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶¶ 5.3-5.7 below) and the Plan of Allocation and any other applicable order of the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation and the Plan of Allocation, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶ 5.4 through 5.7 below.

5.4    All Class Members (except Persons who request exclusion and do not subsequently revoke their request for exclusion) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases

provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim Form or any similar document, any distribution from the Net Settlement Fund.  Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion which complies with the requirements set forth in the Notice and is postmarked no later than twenty-one (21) calendar days prior to the date of the Final Approval Hearing. Lead Counsel shall cause to be provided to counsel for Defendants copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible and in any event no later than fourteen (14) calendar days prior to the Final Approval Hearing. Any Person who submits a valid and timely request for exclusion (and does not subsequently revoke this request for exclusion) shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation (including the releases herein) or the Judgment. However, a Class Member may submit a written revocation of a request for exclusion within one hundred eighty (180) days after the mailing of the Notice, or such other period as may be ordered by the Court, and shall be bound by the Stipulation (including the releases herein) and the Judgment, and may receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Claim Form, as set forth in ¶ 5.6 below, within one hundred eighty (180) days after the mailing of the Notice, or such other period as may be ordered by the Court.

5.5     Within one hundred eighty (180) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, signed under

penalty of perjury and supported by such documents as are specified in the Claim Form and as are reasonably available to the Authorized Claimant.

5.6     All Class Members who fail to timely submit a Claim Form within one hundred eighty (180) days after the mailing of the Notice, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

5.7     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of such Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), such balance shall be reallocated among and distributed to Authorized Claimants in an equitable and economic fashion. Thereafter, any remaining balance should be donated to an appropriate 501(c)(3) non-profit organization(s) to be selected by Lead Plaintiffs and approved by the Court.

5.8     No Person shall have any claim against Plaintiffs' Counsel, the Released Defendants' Parties, counsel for Defendants, the Claims Administrator, or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or Settlement of the Action (including the releases contained in the Stipulation), or any other orders entered pursuant to the Stipulation.

5.10   Defendants will take no position with respect to the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the Settlement and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.

5.11   The Released Defendants' Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Claims Administrator, or any designees or agents thereof; any act, omission, or determination of or by any other entity designated by Lead Counsel as referenced in ¶ 5.8 of this Stipulation; the Plan of Allocation; or the administration of the Plan of Allocation.

6.    **Lead Counsel's Attorneys' Fees and Reimbursement of Expenses and Lead Plaintiffs' Expenses**

6.1    Lead Counsel may submit an application or applications for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of actual expenses, including the fees of any experts, consultants, and investigators incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Application"). Lead Plaintiffs may also submit an

application to compensate for their time and expenses in connection with the prosecution of the Action. Such Fee and Expense Application shall seek an award of attorneys' fees in an amount not greater than thirty-three and one-third percent (33 1/3%) of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $75,000.00. Such Fee and Expense Application is subject to the approval of the Court. Defendants will not take any position on any Fee and Expense Application that Lead Counsel may file. Nor will Defendants take any position on any application by Lead Plaintiffs for compensation for their time and expenses. Lead Plaintiffs will seek no more than $5,000 for their time and expenses in this Action.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, within three (3) days after the Effective Date of the Settlement, subject to the joint and several obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund plus interest (accrued as from the date the funds of the Settlement Fund are deposited with the Escrow Agent until the date the appropriate refunds or repayments are made), if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses (including the fees of experts and consultants) to be paid out of the Settlement Fund are not part of the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. The Fee and Expense Award and Plaintiffs' Fee and Expense Application are not settlement terms and will not be grounds for terminating the

Settlement or proposed Settlement. Any order or proceedings relating to the Fee and Expense Application, or Plaintiffs' expenses application, or any appeal from any order relating to either of the foregoing or reversal or modification of either of the foregoing, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or the Settlement (including the releases contained therein).

6.4     The Released Defendants' Parties shall have no responsibility for, and no liability whatsoever with respect to: any Fee and Expense Application that Lead Counsel may file; any Plaintiffs' expenses application that Plaintiffs or Lead Counsel may file; any payments to Lead Counsel pursuant to ¶¶ 6.1 and 6.2, above; or any Fee and Expense Award that the Court may make in the Action. The Released Defendants' Parties also shall have no responsibility for, and no liability whatsoever with respect to any other Person who may seek fees and expenses in connection with prosecuting or helping to prosecute this Action against Defendants or to any other Person who may assert some claim to: any payments to Lead Counsel pursuant to ¶¶ 6.1 and 6.2, above; or any Fee and Expense Award that the Court may make in the Action.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation and the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order substantially in the form attached hereto as Exhibit A as referenced in ¶ 3.1 of this Stipulation;

(b)     the Settlement Amount has been paid into the Settlement Fund as required by ¶ 2.2 of this Stipulation;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.8 hereof;

(d)      Neither Plaintiffs nor Defendants have exercised their option to terminate the Stipulation pursuant to ¶ 7.9 hereof;

(e)      the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and includes the releases set forth in this Stipulation; and

(f)      the Judgment has become Final.

7.2      Upon the occurrence of all of the events referenced in ¶ 7.1 of this Stipulation, any and all remaining interest or right of NewLink in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶ 7.1 of this Stipulation are not met, then the Stipulation shall be canceled and terminated subject to ¶ 7.4 of this Stipulation unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement. Without limiting the foregoing, NewLink shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against any Defendant.

7.3      Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then within ten (10) business days after written notification of such event is sent by counsel for NewLink to the Escrow Agent, the Settlement Fund (including accrued interest), including the Settlement Amount, plus the Class Notice and Administration Fund (including accrued interest), and the Net Settlement Fund, and all payments disbursed, including all expenses, costs, and any Fee and

Expense Award and any Plaintiffs' time and expense allocations – excluding only expenses and costs which have either been disbursed or are determined to be chargeable to the Class Notice and Administration Fund, in connection with providing notice and other reasonable administrative costs of implementing the Settlement, pursuant to ¶ 2.10 of this Stipulation, and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date – shall be refunded by the Escrow Agent to NewLink's insurers pursuant to written instructions from NewLink or its successor-in-interest. Such amount to be refunded shall not be reduced by any investment losses on funds in escrow and any such losses shall be an obligation of the Escrow Agent. If said amount or any portion thereof is not returned within such ten (10) business day period, then interest shall accrue thereon at the rate earned on the Settlement Fund until the date that amount is returned. At the request of counsel to NewLink, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and Class Notice and Administration Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to written direction from NewLink or its successor-in-interest.

7.4     In the event that the Stipulation is not approved by the Court or the Settlement is not approved by the Court or is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Action as of the moment immediately before the settlement term sheet was executed on December 16, 2020. In such event, the terms and provisions of the Stipulation and any document executed pursuant to or in furtherance of the Stipulation or the Settlement, with the exception of ¶¶ 2.11, 2.16, 7.3-7.5, 8.3 and 8.4, shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any order entered by the Court in

accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any Court order concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel or Lead Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶ 2.10 of this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.16 and 7.3 of this Stipulation.

7.6     If a bankruptcy proceeding is commenced against NewLink or a trustee, receiver, or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of NewLink to be a preference, voidable transfer, fraudulent transfer, or similar transaction, then, at Plaintiffs' option, the releases given and Judgment entered in favor of Defendants pursuant to this Stipulation shall be null and void.

7.7     Notwithstanding the foregoing ¶ 7.6, Plaintiffs' right to nullify the releases and Judgment as to any Defendant pursuant to ¶ 7.6 shall expire upon the Effective Date.

7.8     Defendants shall have the right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in

Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed by and through the Parties' respective counsel concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment. If the Court requires that the Supplemental Agreement be filed, the Parties shall request that it be filed under seal or with the percentage and number of shares redacted.

7.9     It is further stipulated and agreed that Plaintiffs (provided Plaintiffs unanimously agree amongst themselves) and Defendants (provided Defendants unanimously agree amongst themselves) shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.   However, any decision or proceeding, whether in this Court or any appellate court, with respect to the Fee and Expense Award or Plan of Allocation shall not be

considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

### 8.   Miscellaneous Provisions

8.1   The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the terms and conditions of the Stipulation.

8.2   Subject to the terms of this Stipulation, the Parties intend this Settlement to be a full and complete resolution of all disputes that Plaintiffs, the Class and the Released Plaintiffs' Parties have with the Released Defendants' Parties, and that Defendants have with the Released Plaintiffs' Parties, with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, respectively. The Settlement compromises claims that are contested and shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim or defense. The Judgment will contain a statement that during the course of the Action, Plaintiffs, Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. In addition, Plaintiffs, the Class and the Released Plaintiffs' Parties will not make applications against the Released Defendants' Parties, and Defendants will not make applications against the Released Plaintiffs' Parties for fees, costs or sanctions, pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of the Action. While retaining their right to deny liability, Defendants agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties agree to refrain from making disparaging statements about the other in any press

release, statements to the media, or other public communications (including statements made in court filings or in court) relating to the Settlement, including the claims to be released pursuant to the Settlement, including prior to the Effective Date. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Released Defendants' Parties, or any infirmity in the defenses that Defendants have, or could have, asserted in the Action; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body, or (c) shall be construed as an admission, concession or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial. If this Stipulation is approved by the Court, any of the Released Defendants' Parties may file the Stipulation and/or the Judgment in any action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

8.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms. Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference. In the event there exists a conflict or inconsistency between the terms of the Stipulation, on the one hand, and any Exhibit on the other, the terms of this Stipulation shall govern.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.7     The Stipulation, the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, Plaintiffs shall not be responsible for any costs borne by Defendants or their counsel, and Defendants shall not be responsible for any costs borne by Plaintiffs or their counsel.

8.8     Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Lead Counsel deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile, or by a .pdf/.tif image of the signature transmitted by email. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. The Parties agree that any action based on this Stipulation or to enforce any of its terms shall be brought in this Court.

8.13    Plaintiffs and Lead Counsel represent and warrant that none of Lead Plaintiffs' claims or causes of action in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

8.14    All terms of this Stipulation, the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits and the Supplemental Agreement shall be governed by and interpreted according to the substantive laws of the State of New York,

without giving regard or effect to its choice-of-law rules, except to the extent that federal law requires the application of federal law.

8.15    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.16    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Unless otherwise stated herein, any breach of any provision of this Stipulation by any Party hereto shall not constitute grounds for rescission of this Stipulation, but shall constitute grounds only for a claim for specific performance for breach of this Stipulation.

8.17    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between all Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

8.18    Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein. Defendants shall be responsible for mailing such notice within the time provided for in 28 U.S.C. § 1715(b) and for all expenses and costs related thereto.

8.19    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

8.20    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:       Kahn Swick & Foti LLC
Attn:  Kim Miller, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Email:  Kim.Miller@ksfcounsel.com

If to Defendants:       Cooley LLP
Attn: Sarah Lightdale, Esq.
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6374
Email:   slightdale@cooley.com

8.21    No opinion or advice concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

IN WITNESS THEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated this 1st day of February, 2021.

DATED: February 1, 2021

_____
Kim E. Miller (KM-6996)
J. Ryan Lopatka (admitted *pro hac vice*)
**KAHN SWICK & FOTI, LLC**
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

Lewis S. Kahn
Craig J. Geraci, Jr.
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone:(504) 455-1400
Fax: (504) 455-1498

*Lead Counsel for Lead Plaintiffs*
*Michael and Kelly Nguyen and the Class*

_____
Sarah M. Lightdale (SL7122)
David H. Kupfer (DK8609)
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Fax: (212) 479-6275

-and-

Patrick Gibbs
Samantha Kirby
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Fax: (650) 849-7400

*Counsel for Defendants NewLink Genetics Corporation, Charles J. Link, Jr., and Nicholas N. Vahanian*