UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL NGUYEN and KELLY NGUYEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>NEWLINK GENETICS CORPORATION, CHARLES J. LINK, JR., and NICHOLAS N. VAHANIAN,<br>Defendants. | Case No. 1:16-CV-3545<br><br>HON. WILLIAM H. PAULEY<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PENDENCY<br><br>EXHIBIT A |

This Court, having reviewed and considered the Parties' Amended Stipulation and Agreement of Settlement dated March 24, 2021, and Plaintiffs' motion for an order preliminarily approving the Settlement,[1] ORDERS:

1. The Court preliminarily approves the Amended Stipulation and the Settlement, subject to further consideration at the telephonic Final Approval Hearing described below.

2. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a settlement class consisting of all Persons that purchased or otherwise acquired shares of NewLink common stock during the period from September 17, 2013 through May 9, 2016 (the "Class Period"), inclusive, in the United States or on a United States-based stock exchange and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Amended Stipulation.

1

3.  The Court has determined preliminarily and for the purpose of Settlement only that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims or defenses of Plaintiffs are typical of the Class; and (d) Plaintiffs will fairly and adequately protect the interests of the Class. The Court further preliminarily finds that the questions of law or fact common to Class Members predominate over any questions affecting individual members, including but not limited to whether Defendants made materially false and/or misleading statements between September 17, 2013 and May 9, 2016, as alleged by Plaintiffs. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Additionally, for the purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as the Class Representatives and Lead Counsel Kahn Swick & Foti, LLC is preliminarily certified as Class Counsel for the Class.

4.  The Final Approval Hearing shall be held telephonically before this Court on <u>September 22, 2021</u>, at <u>11:00 a.m.</u>, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Amended Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Class should be certified, for the purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure; whether a Judgment as provided in the Amended Stipulation and its Exhibit B, which, *inter alia*, dismisses the Action with prejudice as to all Defendants and contains releases, should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of reasonable fees, time, costs, expenses, if any, that should be awarded to Lead Counsel. The telephonic hearing shall be organized by an organized by an operator-conducted dial-in arranged by Lead Counsel, and the date, time, and dial-in information will be

included in both the Notice of Pendency and Summary Notice, as well as listed on a website for the Settlement maintained by Lead Counsel and the Claims Administrator. The Court may adjourn the telephonic Final Approval Hearing without further notice to Class Members.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and Summary Notice for publication, included respectively as Exhibits A-1, A-2, and A-3 to the Amended Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The Court further reserves the right to enter a Final Judgment and Order of Dismissal with Prejudice that approves the Settlement and dismisses the Action on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation, or awarded attorneys' fees and expenses or Lead Plaintiffs' time and expenses

7. The Court appoints Rust Consulting, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than 14 days after entry of this order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort.

(b) Not later than 21 days after the issuance of this Order, Lead Counsel shall

cause the Summary Notice to be published in the *Investor's Business Daily* and once online over the *PR Newswire*, and not later than 21 days after the issuance of this Order, Lead Counsel shall place a copy of the Complaint and the Amended Stipulation (including Exhibits) on the website of Lead Counsel or a website maintained by Lead Counsel.

(c) Not later than 30 days after the issuance of this Order, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of the mailing and publishing described above.

(d) Not later than 7 days prior to the telephonic Final Approval hearing, Lead Counsel shall cause the Claims Administrator to submit a report outlining the implementation of the Notice, including how many Notices were sent, how many Claim Forms were submitted, how many Claim Forms were approved, how many Claim Forms were rejected, and the total dollar amount of approved Claim Forms to-date.

8. Nominees who purchased or otherwise acquired common stock of NewLink for the benefit of Class Members between September 17, 2013 and May 9, 2016, inclusive, shall send the Notice and Claim Form to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice. Lead Counsel shall, if requested, apply to the Court for reimbursement from the Settlement Fund to reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Class Members shall be bound by all determinations and judgments in the

Action concerning the Settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than  August 16 , 2021. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nonetheless be bound by the Amended Stipulation, the Judgment and the releases therein.

11. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Amended Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Amended Stipulation or the Judgment.

12. Any Class Member may participate in the telephonic Final Approval Hearing, at their own expense, individually or through counsel of their own choice. If they do not participate, they will be represented by Lead Counsel.

13. Any Class Member may participate and show cause, if he, she or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel.

14. Any Class Member who does not make a written objection in the manner provided and/or participate personally or through a representative at the telephonic Final

Approval Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel.

15.     Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the United States District Court for the Southern District of New York is directed to invest the $13,500,000 comprising the Settlement Amount, which Defendants shall pay or cause to be paid per the Amended Stipulation, into an interest-bearing escrow account maintained by the Court Registry Investment System ("CRIS") maintained for the United States District Court for the Southern District of New York (the "Escrow Agent"). The Clerk is further directed to provide Defendants with wiring instructions. The Settlement Amount, plus any and all interest earned thereon, shall constitute the Settlement Fund and will be subject to the terms of the Amended Stipulation. Any interest earned on the money held in the Settlement Fund shall be credited by the Escrow Agent to the Settlement Fund. In accordance with Section III.A of the Second Amended Order Regarding the Deposit and Investment of Registry Funds dated December 1, 2016, and Local Civil Rule 67.1, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the money in the Settlement Fund the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office. The Clerk of the Court shall provide to Lead Counsel the monthly statements of interest earned by the Settlement Fund. These funds shall only be withdrawn from the interest-bearing CRIS account pursuant to an order of this Court in accordance with the terms of the Amended Stipulation. The Released Defendants' Parties shall have no responsibility or liability with respect to money deposited in the CRIS.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in

6

*custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Amended Stipulation, Plan of Allocation, and/or further order(s) of the Court.

16. No Released Defendants' Parties or Released Plaintiffs' Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the telephonic Final Approval Hearing, the Court will determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

18. Subject to the Court's approval, reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Amended Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred and paid to the Claims Administrator in connection with Class notice and claims administration.

19. Neither the Amended Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any Released Defendants' Party of the truth of any of the allegations in the Action, the validity of any Released Plaintiffs' Claim, any infirmity in the defenses that Defendants have, or could have, asserted in the Action, or of any liability, fault, or wrongdoing of any kind; and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss or that

the Settlement consideration represents the amount that could be or would have been recovered after trial.

20. In the event that the Settlement does not become Final in accordance with the Amended Stipulation or the Effective Date does not occur, this Order shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Amended Stipulation.

21. The Court reserves the right to continue the telephonic Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Amended Stipulation. Pending the telephonic Final Approval Hearing, all Class Members are enjoined from initiating or prosecuting any actions or claims in any court or tribunal against any Released Defendants' Parties that are within the scope of the releases provided for by the Amended Stipulation.

23. The following schedule of dates shall govern the resolution of this Settlement:

| EVENT: | PROPOSED DEADLINE: |
| --- | --- |
| Deadline for filing of papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Lead Counsel for attorneys' fees or reimbursement of expenses (collectively, the "Applications") | Not later than **120 days** after entry of Preliminary Approval Order |

8

| | |
|---|---|
| Deadline for Class Members to submit / file:<br>• Proof of Claim and Release Forms,<br>• Requests to be excluded from the Class,<br>• Objections to the Settlement, or<br>• Opposition to any of the Applications | August 16, 2021<br><br>~~Not later than **135 days** after entry of Preliminary Approval Order~~ |
| Deadline for filing reply to any opposition to the Applications or any response to any objection(s) filed | Not later than **150 days** after entry of Preliminary Approval Order |
| Deadline for Claims Administrator to submit report outlining implementation of notice and claims administration | Not later than **7 days** prior to the date of the telephonic Final Approval Hearing |
| Date of telephonic Final Approval Hearing<br><br>September 22, 2021 at 11:00 a.m. | ~~Not earlier than July 2, 2021 and not later than **165 days** after entry of Preliminary Approval Order~~ |

Dated: April 2, 2021
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.