```
                                        ┌─────────────────────────────┐
                                        │ USDC SDNY                   │
                                        │ DOCUMENT                    │
                                        │ ELECTRONICALLY  FILED       │
                                        │ DOC #:_____           │
                                        │ DATE FILED: __9/22/21__     │
                                        └─────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL NGUYEN and KELLY NGUYEN, Individually And On Behalf of All Others Similarly Situated, ) ) ) ) | Case No. 1:16-CV-3545-AJN-OTW |
| ) | HON. ALISON J. NATHAN |
| Plaintiffs, ) | |
| vs. ) ) | |
| NEWLINK GENETICS CORPORATION, CHARLES J. LINK, JR., and NICHOLAS N. VAHANIAN, Defendants. ) ) ) ) ) | |

**[PROPOSED] FINAL JUDGMENT**

WHEREAS, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class ("Order") dated April 2, 2021, on the application of Lead Plaintiff for approval of the Settlement set forth in the Amended Stipulation of Settlement dated as of March 24, 2021 (the "Amended Stipulation"). Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference: (a) the Amended Stipulation; and (b) the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Summary Notice, and Declaration of the Claims Administrator filed with this Court on August 30, 2021. All terms used herein shall have the same meanings as set forth in the Amended Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all Persons that purchased or otherwise acquired shares of NewLink common stock during the period from September 17, 2013 through May 9, 2016 (the "Class Period"), inclusive, in the United States or on a United States-based stock exchange and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

4.      This Court hereby affirms its determinations in the Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiffs Michael Nguyen and Kelly Nguyen as Class Representatives for the Class and Kahn Swick & Foti, LLC as Class Counsel for the Class.

6.      The Notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Amended Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Amended Stipulation in all respects and finds that: (a) the Amended Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class; (b) there was no collusion in connection with the Settlement; (c) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel; and (d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

8.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Amended Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Amended Stipulation and herein.

9.      The Releases set forth in Section 4 of the Amended Stipulation, together with the definitions contained in the Amended Stipulation relating thereto, are expressly incorporated herein by reference. Accordingly, this Court orders that:

a.      Upon the Effective Date, and as provided in the Amended Stipulation, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Plaintiffs' Claims) against the Released Persons, whether or not such Class Member executed and delivered the Proof of Claim and Release form or shares in the Settlement Fund. Claims to enforce the terms of the Amended Stipulation are not released.

b.      Lead Plaintiffs and all Class Members, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

c.      Upon the Effective Date, and as provided in the Amended Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Lead Plaintiffs' counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

10.      Upon the Effective Date, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action), arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against each and every one of the Released Persons, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and the Released Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for

4

contribution or indemnity (or any other claim where the alleged injury to the Released Person is that Released Person's actual or threatened liability to the Class or a Class Member in the Action) arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against any Person other than a Person whose liability to the Class has been extinguished pursuant to the Settlement and Judgment, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum. Notwithstanding the foregoing, nothing herein shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Amended Stipulation, the Settlement, or the Judgment.

11.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fees, charges, and expense application or an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Amended Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Amended Stipulation and/or this Judgment from this action in any other action that may be brought against them in order

to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, charges, and expenses, and interest in the Litigation, as well as any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (d) all parties herein for the purpose of construing, enforcing, and administering the Amended Stipulation; (e) the Class Members for all matters relating to the Litigation; and (f) other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the

Amended Stipulation and the Settlement Fund shall be returned in accordance with the Amended Stipulation.

16.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Amended Stipulation.

IT IS SO ORDERED.

DATED: _____9/22/21_____

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE